IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Unula Boo Shawn Abebe, ) | |
| ) | CR No. 3:09-cr-00251-MBS |
| ) | C/A No. 3:19-cv-00242-MBS |
| Movant, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Unula Boo Shawn Abebe ("Movant") is a federal inmate currently housed at USP Lewisburg in Lewisburg, Pennsylvania. On January 25, 2019, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 166. This matter is before the court on a motion to dismiss filed by Respondent United States of America (the "government") on February 8, 2019. ECF No. 171. By order filed February 11, 2019, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed a response to the government's motion on March 15, 2019. ECF No. 180.

I. FACTUAL AND PROCEDURAL HISTORY

Movant was the sole individual named in a two-count Superseding Indictment filed on May 6, 2009. ECF No. 37. Both Counts of the Indictment charged Movant with threatening the President in violation of 18 U.S.C. § 871. Id. A trial was held before The Honorable Matthew J. Perry Jr., and a jury found Movant guilty on both Counts on October 6, 2009. ECF No. 81. On January 15, 2010, Movant was sentenced to five years imprisonment for each Count, to run

1

consecutive to each other. ECF No. 95. Movant appealed his sentence to the Court of Appeals for the Fourth Circuit, and the court affirmed his sentence on July 5, 2011. ECF No. 134. On November 21, 2011, Movant filed a motion under 28 U.S.C. § 2255 to vacate his sentence[1]. ECF No. 138. On April 19, 2013, the court denied Movant's motion. ECF No. 154.

In Movant's current § 2255 motion, Movant asserts the following grounds for relief: (1) incorrect calculation of prison sentence; and (2) erroneous sentence enhancement. ECF No. 166.

## II. DISCUSSION

The government contends that Movant's § 2255 motion should be dismissed as a successive motion for which Movant has not obtained authorization from the Fourth Circuit. The court agrees.

Pursuant to 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Movant has not been granted authority to file a successive petition by the Fourth Circuit Court of Appeals, the court is without jurisdiction to consider Movant's current § 2255 motion. See United States v. Winestock, 340 F.3d 200, 205-07 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)).

---

[1] Movant claims that he did not make a motion under § 2255, but rather made a claim for a declaratory judgment. ECF No. 166. However, the arguments contained within Movant's motion were arguments typically made under a § 2255 motion; accordingly, the court treated Movant's motion as a § 2255 motion. ECF No. 154.

2

## III. CONCLUSION

For the reasons stated, the government's motion to dismiss is granted. Movant's § 2255 motion is dismissed, without prejudice, to allow him to seek authorization from the Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. Movant's motion to appoint counsel (ECF No. 163), motion to proceed in forma pauperis (ECF No. 167), motion to stay (ECF No. 178), motion for judgment on the merits (ECF No. 181), and motion for discovery (ECF No. 182) are denied as moot.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
April 17, 2019